Reilly T. Stoler (SBN 310761)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
rstoler@lchb.com

Rohit D. Nath (SBN 316062)
SUSMAN GODFREY L.L.P
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re* MOTION TO COMPEL COMPLIANCE WITH NON-PARTY SUBPOENAS<br><br>In the matter of<br><br>AUTHORS GUILD, *et al.,* individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPENAI INC.*, et al.,*<br><br>Defendants. | Misc. Case No. 3:25-mc-80017<br><br>Underlying Litigation: *Authors Guild, et al. v. OpenAI, et al.*, 1:23-cv-08292-SHS (S.D.N.Y.)<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL DARIO AMODEI AND BENJAMIN MANN TO TESTIFY AT DEPOSITIONS**<br><br>**Hearing: To Be Assigned** |

**NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

PLEASE TAKE NOTICE that Plaintiffs in the above-captioned case hereby move to compel Dario Amodei and Benjamin Mann to each attend seven-hour depositions as directed by the attached deposition subpoenas (the "Subpoenas," Decl. of Reilly T. Stoler ("Stoler Decl.") Ex. A) served by Plaintiffs pursuant to Federal Rules of Civil Procedure 45 and 26. This Motion will be heard at a date and time to be determined after this matter is assigned. This Motion is based on the following points and authorities, the Stoler Declaration, the entire record in this matter, and on such evidence and argument as may be presented at any hearing of this Motion, on a date and time to be determined by the Court.

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.      INTRODUCTION**

3        This litigation arises out of OpenAI, Inc.'s allegedly infringing use of Plaintiffs'
4  copyrighted works to train their large language models (LLMs), which power ChatGPT and other
5  profitable consumer products. Central to this litigation are two datasets—Books1 and Books2
6  ("the Books Datasets")—which contain hundreds of thousands of pirated books.
7  ▮▮▮—this is smoking gun evidence that
8  OpenAI infringed Plaintiffs' works. Plaintiffs move to compel the depositions of ▮
9  ▮
10 ▮
11 ▮
12 ▮
13 ▮
14 ▮.
15 ▮
16 ▮. Despite agreeing
17 to sit for depositions as far back as June 14, 2024, Amodei and Mann now object to sitting for
18 depositions in this case. Amodei leans on the Apex doctrine argument, citing his busy work
19 schedule, and Mann cites his personal life. Plaintiffs attempted to resolve these objections through
20 the meet and confer process, but Amodei refuses to sit for a deposition of any length, and Mann
21 will agree to a deposition only if Plaintiffs agree to forego Amodei's deposition.

22        Given Amodei and Mann's unique personal knowledge ▮,
23 Amodei's complete refusal to sit for a deposition, and Mann's refusal to sit for a deposition
24 absent Plaintiffs' agreement to unreasonable conditions, Plaintiffs seek an order compelling
25 Amodei and Mann to each sit for a seven-hour deposition by March 1, 2025.[1]

---

[1] Fact discovery in *Authors Guild, et al. v. OpenAI, et al.*, 1:23-cv-08292-SHS (S.D.N.Y.) is set to close on April 30, 2025. *Authors Guild, et al. v. OpenAI, et al.*, 1:23-cv-08292, Dkt. 293.

## II. BACKGROUND

In late 2023, Plaintiffs sued OpenAI entities[2] and Microsoft for direct and contributory copyright infringement. *See* Stoler Decl. Ex B. Plaintiffs allege that OpenAI used Plaintiffs' copyrighted works to train the LLMs powering OpenAI's profitable consumer products, including ChatGPT. *Id.* A key factual allegation in Plaintiffs' Complaint is that OpenAI used the Books Datasets—comprised of Books1 and Books2—to train its LLMs. *See id.* ¶ 112. The Books Datasets contain a vast library of pirated copyrighted books. *See id.*

After Plaintiffs inquired for months about the Books Datasets, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. Stoler Decl. Ex. C. ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Stoler Decl. Ex. D.

On April 29, 2024, Plaintiffs served Amodei and Mann with Subpoenas for documents and testimony. Stoler Decl. Ex. A. On May 17, 2024, Amodei and Mann served responses and objections, and six days later, the parties conferred on the scope and timing of document productions and the scheduling of depositions. Amodei and Mann have already agreed to sit for depositions in this case—once on June 14, 2024, Stoler Decl. Ex. E, and again in August, though they asked to defer discussions around scheduling until the court in the underlying action entered a deposition coordination order, Stoler Decl. Ex. F. As recently as January 7, 2025, Amodei and Mann agreed to supplement their productions with relevant communications and again confirmed they would provide convenient dates for depositions. Stoler Decl. Ex. G.

Then, at a January 16, 2025 conferral, Amodei backtracked and refused to sit for any deposition of any length, arguing under the Apex doctrine that his work schedule is too demanding. Stoler Decl. Ex. H; Stoler Decl. ¶ 13. At the same conferral, Mann conditioned his availability for a deposition on Plaintiffs' agreement to (1) forego Amodei's deposition, (2) limit

---

[2] Open AI Inc., OpenAI OpCo LLC, OpenAI GP LLC, OpenAI, LLC, OpenAI Global LLC, OAI Corporation LLC, OpenAI Holdings LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund GP I LLC, and OpenAI Startup Fund Management LLC (collectively, "OpenAI").

1    Mann's deposition to four hours (to be shared between the parties in this case and all parties in *In*
2    *re OpenAI ChatGPT Litigation*), and (3) depose Mann only after Plaintiffs "complete
3    substantially all of the OpenAI depositions" that Plaintiffs intend to take. Stoler Decl. Ex. H.
4        In an effort to compromise, Plaintiffs offered to (1) negotiate on time, duration and
5    location of Amodei's deposition, (2) coordinate Mann's deposition with the *In re OpenAI*
6    *ChatGPT Litigation* plaintiffs, and (3) depose at least one current OAI employee (and Mann)
7    before deposing Amodei. Stoler Decl. Ex. I. Amodei and Mann declined these compromises.
8        Amodei and Mann's positions are unreasonable, especially considering the importance of
9    their testimony on key issues in this litigation. For these reasons, Plaintiffs seek an order
10   compelling Amodei and Mann to each sit for seven-hour depositions.

11   **III.    ARGUMENT**

12       Federal Rule of Civil Procedure 45 governs subpoenas seeking discovery from non-
13   parties. Fed. R. Civ. P. 45(a)(1)(A)(iii). "The scope of discovery under Rule 45 is the same as
14   under Rule 26(b)." Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); *see also* Fed. R. Civ. P.
15   34(a). Under Rule 26(b), parties "may obtain discovery regarding any nonprivileged matter that is
16   relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P.
17   26(b)(1). "Evidence is relevant if it has "any tendency to make . . . more or less probable . . . [a]
18   fact [that] is of consequence in determining the action." Fed. R. Evid. 401.
19       The party issuing the subpoena must demonstrate the relevance of the discovery sought.
20   *Carroll v. Wells Fargo & Co.*, No. 3:15-cv-02321, 2017 WL 1316548, at *2 (N.D. Cal. Apr. 10,
21   2017). "The burden of showing that a subpoena is unreasonable and oppressive is upon the party
22   to whom it is directed." *Am. Broad. Cos., Inc. v. Aereo, Inc.*, No. 12-cv-80300, 2013 WL
23   1508894, at *4 (N.D. Cal. Apr. 10, 2013). "[A] court determining the propriety of a subpoena
24   balances the relevance of the discovery sought, the requesting party's need, and the potential
25   hardship to the party subject to the subpoena." *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309
26   F.R.D. 527, 531 (N.D. Cal. 2015).

27       **A.    Amodei and Mann Have Personal Knowledge that is Relevant to the Case.**
28       The Books Datasets are two "high-quality" "internet-based books corpora." *See* S Tom B.

1   Brown *et al.*, *Language Models Are Few-Shot Learners* 8 (2020), *available at*

2   https://arxiv.org/pdf/2005.14165.pdf (last accessed Jan. 26, 2025). They contain hundreds of

3   thousands of pirated books. ▮

4   ▮ Stoler Decl. Ex. C, D. Plaintiffs' works

5   are included in the Books Datasets. *See generally* Stoler Decl. Ex. B § F. OpenAI's creation and

6   use of these datasets is relevant because they evince—*inter alia*—OpenAI's knowledge that it

7   was making unauthorized copies of Plaintiffs' works, its authorization and intent to pirate

8   copyrighted works for training, and its decision not to seek licenses of Plaintiffs' material. ▮

9   ▮

10  ▮ Stoler Decl. Ex. D. ▮, Amodei and

11  Mann have personal knowledge relevant to the claims and defenses in this action in at least three

12  respects:

13         *First*, ▮

14  ▮

15  ▮. Evidence that OpenAI knowingly made

16  unauthorized copies of Plaintiffs' works is relevant to Plaintiffs' claim for willfulness. *See, e.g.*,

17  17 U.S.C. § 504(c)(2); Stoler Decl. Ex. B ¶ 416. For this reason alone, Amodei and Mann should

18  be compelled to testify. *See e.g., In re Motion to Compel Compliance With a Subpoena AD*

19  *Testificandum Lynk Labs, Inc.*, No. 23-mc-80018, 2023 WL 2311948, at *2 (N.D. Cal. Feb. 28,

20  2023) (granting a motion to compel nonparty deposition where movant "*articulated a reasonable*

21  *basis for seeking* [a deposition] in connection with [patent] claim," regardless of whether movant

22  could "sustain its burden of proof with respect to willful infringement").

23         *Second*, ▮

24  ▮

25  ▮. Whether OpenAI pirated these works is relevant to

26  Plaintiffs' claim that OpenAI willfully infringed their works and to OpenAI's defense that its

27  copying of Plaintiffs' works was fair use. *See Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417,

28  2025 WL 82205, at *1 (N.D. Cal. Jan. 13, 2025) (noting that defendant's pirating of copyrighted

1  materials "is potentially relevant to the plaintiffs' assertion of willful infringement or to
2  [defendant]'s fair use defense"); *see also A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1015
3  (9th Cir. 2001), as amended (Apr. 3, 2001) (affirming district court order that "downloading MP3
4  files does not transform the copyrighted work" and is not fair use).

5      *Third*, ███████████████████████████████████████████████████
6  ███████████████████████████████████████████████████████████████████████
7  ███████████████████████████. OpenAI's motivation for copying Plaintiffs' works is relevant to
8  willfulness. OpenAI's motivation is also relevant to Plaintiffs' claims for damages because it
9  demonstrates the value of Plaintiffs' works for training and developing LLMs. Additionally,
10 OpenAI's commercial use of Plaintiffs' works is relevant to its fair use defense. *VHT, Inc. v.*
11 *Zillow Grp., Inc.*, 918 F.3d 723, 742 (9th Cir. 2019) ("The first factor [of the fair use analysis]
12 assesses the character of the use, including whether it is commercial in nature, and, critically,
13 whether it is 'transformative.'").

14     **B.**    <u>**The Apex Doctrine Does Not Shield Amodei from Deposition.**</u>

15     Amodei now refuses to sit for a deposition because it would disrupt his work as Chief
16 Executive Officer of Anthropic P.B.C. Stoler Decl. ¶ 13. In other words, Amodei effectively
17 argues that the apex doctrine bars his deposition. "In determining whether to allow an apex
18 deposition [i.e., the deposition of a high-level executive], courts consider (1) whether the
19 deponent has unique first-hand, non-repetitive knowledge of facts at issue in the case and (2)
20 whether the party seeking the deposition has exhausted other less intrusive discovery methods."
21 *Hunt v. Cont'l Cas. Co.*, No. 13-cv-05966, 2015 WL 1518067, at *2 (N.D. Cal. Apr. 3, 2015)
22 (alteration in original) (citation omitted). "The party seeking to take such a deposition does not
23 need to prove conclusively in advance that the deponent definitely has unique, non-repetitive
24 information; instead, "where a corporate officer may have *any* first-hand knowledge of relevant
25 facts, the deposition should be allowed." *Id.* (emphasis in original). "Absent extraordinary
26 circumstances, it is very unusual for a court to prohibit the taking of a deposition." *In re Google*
27 *Litig.*, No. 8-cv-03172, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011) (citation omitted). "A
28 party seeking to prevent a deposition carries a heavy burden to show why discovery should be

1   denied." *Id.* (citation omitted). The Court should compel Amodei to sit for a seven-hour

2   deposition because he cannot make the required showing under either prong of the doctrine.

3        *First*, even assuming that the apex doctrine applies to Amodei,[3] the Court should compel

4   him to sit for a deposition ███████████████████████████████████████████████. *See*

5   *Hunt,* 2015 WL 1518067, at *2. As discussed above, ██████████████████████████████

6   ██████████████████████████████████████. *See supra* Section III.A. ████████████

7   ████████████████████████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████." Stoler Decl.

9   Ex. D. Amodei does not deny that he has this highly relevant, first-hand knowledge.

10       *Second*, the Court should compel Amodei to sit for a deposition because Plaintiffs have

11  exhausted less intrusive discovery methods to no avail. *See Finisar Corp. v. Nistica, Inc.*, No. 13-

12  cv-03345, 2015 WL 3988132, at *2 (N.D. Cal. June 30, 2015) ("As for the second

13  consideration—less intrusive discovery methods—these may include interrogatories."). For

14  example, Plaintiffs asked OpenAI to identify the five individuals most knowledgeable about the

15  creation and contents of the Books2 dataset. Stoler Decl. Ex. J, Interrogatory No. 1. ████████

16  ████████████████████████████████████████████████████████████████████████████

17  ██████████ Stoler Decl. Ex. K. ████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████████████

19  ████████████████████████████████████████ Stoler Decl. Ex. D.

20  ████████████████████████████████████████████████████████████████████████████

21  ████████████████████, there is no less intrusive way for Plaintiffs to discover this

22  information than a deposition.

23       Amodei's sole basis for refusing a deposition is his busy work schedule. Unsurprisingly,

---

[3] The apex doctrine does not even apply to Amodei because the testimony Plaintiffs seek from Amodei does not relate to his duties as Chief Executive Officer of Anthropic or the conduct of Anthropic employees. Rather, Plaintiffs subpoena Amodei as a percipient witness with knowledge of his time as a lower-level employee at OpenAI. *See supra* Section III.A; *Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*, No. C 03–5340 JF (RS), 2006 WL 2578277, at *3 n.3 (N.D. Cal. Sept. 6, 2006) (while the "party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied, ... courts are sometimes willing to protect high-level corporate officers from depositions **when the officer has no first-hand knowledge of the facts of the case or where the officer's testimony would be repetitive [of lower-level employees].**") (cleaned up and emphasis added).

1  courts in this district have expressly—and resoundingly—rejected this argument. *See e.g. Finisar*,
2  2015 WL 3988132, at *2 ("A claimed lack of knowledge, by itself, or the fact that the apex
3  witness has a busy schedule, are both insufficient bases to foreclose" an otherwise proper apex
4  deposition.); *see also Shiferaw v. City of San Francisco*, No. 18-cv-06830, 2021 WL 827575, at
5  *2 (N.D. Cal. Mar. 4, 2021) (same); *In re Google Litig.,* 2011 WL 4985279, at *2 ("The fact that
6  the apex witness has a busy schedule is simply not a basis for foreclosing otherwise proper
7  discovery.").

   For these reasons, Amodei fails to meet his heavy burden to show why discovery should
9  be denied. Accordingly, the Court should compel Amodei to sit for a seven-hour deposition.

10         **C.      Mann Has Not Identified any Undue Burden.**

11    Mann asserts that he is unavailable for deposition because he has two young children and
12  a family member who received a serious medical diagnosis. Stoler Decl. ¶ 13. Plaintiffs offered to
13  reduce the burden of deposition by negotiating on the location, duration, and coordination of the
14  deposition. *Id*. Mann insisted that the only way Plaintiffs could reduce his burden was by agreeing
15  not to depose *Amodei*. Mann's objections fail.

16    As a threshold matter, although Plaintiffs are sympathetic to Mann's asserted hardship, it
17  does not render him unavailable for deposition. *Ross v. Palacios*, No. 23-cv-00640, 2024 WL
18  3680662, at *2 (N.D. Cal. July 10, 2024) ("Even in the context of a nonparty deposition, a strong
19  showing is required before a party will be denied entirely the right to take that deposition.").
20  Mann is currently a full-time employee in Anthropic's San Francisco office. Plaintiffs are
21  offering to depose him at a convenient San Francisco location (including his office), during
22  normal business hours. Stoler Decl. ¶ 14. It is undisputed that Mann *can* make himself available
23  for such a deposition. Mann has not identified any cognizable burden (*e.g.* exorbitant expense or
24  disclosure of confidential material), explained how a deposition would impose an undue burden
25  on him, or explained how that burden relates to Amodei's deposition. Given the critical
26  importance of Mann's testimony (*supra* Section III.A.), his vague burden arguments do not
27  support an order precluding or even limiting his deposition. *See generally, J.T. v. City of San*
28  *Francisco*, No. 23-cv-06524, 2024 WL 4361579, at *1 (N.D. Cal. Oct. 1, 2024) ("courts have

incorporated relevance as a factor related to undue burden when determining motions to quash a subpoena") (punctuation and quotation omitted).

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court GRANT the motion to compel and issue an order directing Amodei and Mann to each sit for their separate seven-hour depositions before March 1, 2025.

Dated: January 28, 2025            Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: _____
Reilly T. Stoler
Attorneys for Plaintiffs